UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY E. BURNS, ) | |
| ) | |
| Plaintiff, ) | CASE NO. C04-1263-FDB |
| ) | |
| v. ) | REPORT AND |
| ) | RECOMMENDATION |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Jeffrey Burns appeals to the District Court from a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Supplemental Security Income benefits ("SSI") under Title XVI of the Social Security Act. For the reasons set forth below, it is recommended that the Court AFFIRM the Commissioner's decision.

## I. PROCEDURAL HISTORY

Plaintiff applied and was found disabled and eligible for SSI benefits. Tr. 15. On December 13, 2001, the Social Security Administration sent Plaintiff a Notice of Overpayment stating that for the period of January 2001 through February 2002 he had been overpaid benefits in the sum of $6,891.65. Tr. 15, 39-43. Plaintiff did not contest that he had been overpaid, but requested a waiver of the overpayment. Tr. 44-51.

REPORT AND RECOMMENDATION
Page - 1

Plaintiff's waiver request was denied initially (Tr. 52) and on reconsideration (Tr. 57). A hearing was held before Administrative Law Judge ("ALJ") Denny Allen on April 17, 2003. Tr. 20-58. On July 1, 2003, the ALJ found Plaintiff without fault but not entitled to waiver. Tr. 15-17. On April 13, 2004, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 4-7), making the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 416.1590, 422.210. Plaintiff timely filed his appeal with this Court.

## II. THE PARTIES' POSITIONS

Plaintiff requests that the Court reverse the ALJ's decision and grant waiver of overpayment. Plaintiff argues that his financial circumstances should not have been considered by the ALJ because the waiver of overpayment recovery was requested as being "against equity and good conscience." Plaintiff also argues that he met the statutory and regulatory requirements for a waiver based on "against equity and good conscience." The Commissioner argues that the ALJ's decision should be affirmed because it was supported by substantial evidence and free of legal error.

## III. STANDARD OF REVIEW AND EVALUATION OF WAIVERS

The Court reviews the Secretary's denial of waiver to determine if he applied the proper legal standard and if the denial is supported by substantial evidence. *Quinlivan v. Sullivan*, 916 F.2d 524, 526 (9th Cir. 1990). Substantial evidence is defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion which must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Waiver of recovery of an overpayment of SSI benefits may be granted when:

REPORT AND RECOMMENDATION
Page - 2

>　　　(a)  The overpaid individual was without fault in connection with an overpayment, and
>　　　(b)  Adjustment or recovery of such overpayment would either:
>　　　　　(1) Defeat the purpose of title XVI, or
>　　　　　(2) Be against equity and good conscience, or
>　　　　　(3) Impede efficient or effective administration of title XVI due to the small amount involved.

20 C.F.R. § 416.550.  The overpaid claimant has the burden of proving that he is without fault.  *Anderson v. Sullivan*, 914 F.2d 1122 (9th Cir. 1990).

## IV.  SUMMARY OF THE RECORD

Plaintiff had been receiving SSI disability benefits, which were being deposited into his parent's checking account on which he was a signer.  Tr. 15-16, 145-165.  On December 29, 2000, Plaintiff called to notify the Social Security Administration that he had begun full time employment.  Tr. 123.

Plaintiff moved to Seattle a month later without knowledge that the SSI monthly deposits were continuing to be made into his parent's checking account.  Tr. 26-27.  Plaintiff's mother submitted a declaration stating that at the time the SSI benefits were being deposited into her checking account, her husband had suffered two strokes that required her to travel from her home to Shoreline.  Tr. 169.  During this fourteen month period, she never checked her checking account balance; and while not aware that Plaintiff's SSI benefits had not stopped, all of the SSI funds had been used up.  *Id.*

## VI.  THE ALJ'S DECISION

The ALJ concluded that between January 2001 and February 2002 Plaintiff had resources or income in excess of the amount set by the regulations as the maximum allowable in order to be eligible for SSI benefits, thus resulting in a $6,891.65 overpayment.  Tr. 16-17.  Based on Plaintiff's testimony and Plaintiff's mother's

REPORT AND RECOMMENDATION
Page - 3

statement, the ALJ determined the Plaintiff was "without fault" in causing and accepting the overpayment. Tr. 16. The ALJ found that Plaintiff receives $1, 498.00 in monthly benefits and that Plaintiff's monthly expenses approximately meet this level of income. *Id.* The ALJ also found that Plaintiff had access to assets which may be exempt. Thus, the ALJ opined that given Plaintiff's income and assets, recovery of overpayment would not defeat the purpose of Title XVI of the Act or be "against equity and good conscience" and denied waiver. Tr. 16-17.

## VII.  DISCUSSION

### A.    Plaintiff's Financial Condition

Plaintiff argues that he was denied waiver of overpayment based on the ALJ's erroneous belief that in order to qualify for a finding of "against equity and good conscience," an individual must prove that repayment would create a financial hardship. Initially, in arguing his financial condition is not relevant, Plaintiff relied on 20 C.F.R. § 404.509(b) ("The individual's financial circumstances are not material to a finding of *against equity and good conscience*.") Plaintiff was advised by Defendant that his reliance on § 404.509(b) is misplaced since Plaintiff was receiving benefits under SSI and therefore must look to the regulations at C.F.R. §§ 416.501, et seq. In his reply, Plaintiff, citing 20 C.F.R. § 416.555[1], claims that even under the SSI regulations, his financial circumstances were not material. However, this section relates to waiver of recovery of overpayment based on a finding that it "would impede efficient or effective administration of Title XVI due to the small amount involved." 20 C.F.R. § 416.555.

---

[1] Plaintiff claims that Defendant concedes that Plaintiff's financial condition is not relevant to a finding of "against equity and good conscious" because § 416.555 was first cited by Defendant in his response brief. Even though this section was erroneously included in Defendant's brief, Defendant never conceded this point.

REPORT AND RECOMMENDATION
Page - 4

1 The relevant section in this case, § 416.554, does not foreclose the consideration of a

2 claimant's financial circumstance.  Accordingly, the ALJ did not err in considering

3 Plaintiff financial circumstances.

**B. The Requirements of "against equity and good conscience"**

Plaintiff also claims that he meets the waiver requirements of the § 416.554 ("against equity and good conscience").

20 C.F.R. § 416.554 states in part:

> Adjustment or recover is considered to be *against equity and good conscience* if an individual changed his or her position for the worse or relinquished a valuable right because of reliance because of reliance upon a notice that payment would be made or because of the incorrect payment itself.  In addition, adjustment or recovery is considered to be *against equity and good conscience* for an individual who is a member of an eligible couple that is legally separated and/or living apart for that part of an overpayment not received, but subject to recovery under § 416.570.

20 C.F.R. § 416.554 (emphasis in original).

Plaintiff argues that pursuant to *Quinlivan v. Sullivan*, 916 F.2d 524, even though he is not a member of an "eligible couple," his situation is similar to the third situation described in § 416.554, thus making him eligible for waiver.  In *Quinlivan*, the Ninth Circuit held that "the meaning of the phrase 'against equity and good conscience,' cannot be limited to the three narrow definitions set forth in the Secretary's regulation." *Quinlivan*, 916 F.2d at 527.  "Congress intended a broad concept of fairness to apply to waiver requests, one that reflects the ordinary meaning of the statutory language and takes into account the facts and circumstances of each case." *Id.*

Here, the ALJ, did not deny waiver based on Plaintiff's failure to fit within the narrow statutory definition.  Rather, in reliance on the *Quinlivan* broad reading of the regulation, the ALJ properly considered Plaintiff's ability to repay and concluded that Plaintiff "has not presented anything so egregious as to violate equity and good

REPORT AND RECOMMENDATION
Page - 5

conscience if he is required to repay to overpayment." Accordingly, the ALJ did not err in denying waiver.

## VIII.  CONCLUSION

The Commissioner's decision is supported by substantial evidence and is free of legal error. Accordingly, the undersigned recommends that the Commissioner's decision be AFFIRMED. A proposed Order accompanies this Report and Recommendation.

DATED this 2nd day of September, 2005.

MONICA J. BENTON
United States Magistrate Judge